IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:22-mj-00789-CFH |
| | ) | |
| **v.** | ) | Stipulation and Order |
| | ) | for Enlargement of Time |
| **MICHAEL J. BROWN, JR.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## STIPULATION

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, MICHAEL J. BROWN, JR., by and through counsel, Lauren S. Owens, Esq. hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including sixty (60) days from the date of the order and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1) The chronology of this case is as follows:

   i) Date of complaint: December 13, 2021

   ii) Date of initial appearance in E.D. Pa.: December 15, 2022

   iii) Date of removal order in E.D. Pa.: December 19, 2022

   iv) Date of initial appearance in N.D.N.Y.: January 13, 2022

   v) Defendant custody status: Detained.

2) The parties acknowledge that the period from December 19, 2022, to December 29, 2022, is excluded from the time within which an information or indictment must be filed pursuant to Title 18, United States Code, Section 3161(h)(1)(E), because of the delay resulting from the

transportation of Mr. Brown from the Eastern District of Pennsylvania to the Northern District of New York.

3) The parties have not stipulated to any earlier enlargements of time and exclusions under the Speedy Trial Act.

4) The United States and the defendant request this exclusion based on the following facts and circumstances:

    i) On December 13, 2022, the defendant was charged by criminal complaint with conspiracy to commit bank robbery, in violation of 18 U.S.C. §§ 371, 2113. The defendant was arrested on December 15, 2022, and he made his first appearance on that day in the Eastern District of Pennsylvania. On December 19, 2022, the defendant stipulated to pretrial detention and identity, and was order removed and transferred to the Northern District of New York. *See United States v. Brown*, 2:22-mj-01982 (E.D. Pa. Dec. 19, 2022), ECF No. 5. Between December 19, 2022, and January 12, 2022, the defendant was transported to the Northern District of New York and made his initial appearance in New York on January 12, 2022.

    ii) The case arises out of an investigation in which the defendant allegedly conspired with others to commit a bank robbery of a Community Bank, N.A. in Johnstown, New York in January 2023. The electronic media seized incident to the arrest of the defendant's co-conspirator allegedly reveal communications with the defendant regarding the planned bank robbery, including overt acts taken in furtherance of the conspiracy by Brown and his conspirators. On December 14, 2022, the defendant's residence in Pennsylvania was searched and law

        enforcement found certain additional evidence showing an intent to commit a bank robbery including body armor, a smoke grenade, bolt cutters, and lock picking kit, among other items, in the defendant's pickup truck. The case involves complex legal and factual issues related to a conspiracy to commit bank robbery and collection of evidence in at least two different states.

    iii)    On or about the time of the defendant's initial appearance in the Northern District of New York, the government produced pre-indictment discovery to the defense that included the defendant's criminal history as well as digital copies of relevant communications and other records related to the charged offense and relevant conduct. The government has also made the physical evidence related to the alleged offense and related conduct, such as the electronic devices, firearms, weapons, and other physical documents seized pursuant to search warrants, available to defense counsel for review at the government's offices.

    iv)    Defense counsel is reviewing the produced discovery, but additional time is necessary to complete that review. Additional time is also necessary for the defendant's counsel to research and understand the complex legal and factual issues related to the defendant's alleged conspiracy; to prepare and file any pretrial motions, if appropriate; and engage in plea negotiations with the government, which may dispense with the need for grand jury practice. If the case is not resolved by a plea, the continuance is necessary for the government to prepare for grand jury practice.

5)    The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy indictment and trial

because (1) the facts upon which the grand jury must base a determination are unusual and complex, so it is unreasonable to expect return and filing of an indictment within the period specified in section 3161(b), taking into account the exercise of due diligence pursuant to 18 U.S.C. § 3161(h)(7)(B)(iii); and (2) the failure to grant the requested continuance would unreasonably deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv). The requested continuance allows for reasonable time necessary for the effective preparation by defense counsel to review the evidence with the defendant, so that the defendant may make an informed decision as to whether he wishes to resolve or dispute the charges set forth in the complaint and permits the parties the reasonable time necessary to evaluate the complex and unusual issues of law and fact in this case related to a conspiracy to commit bank robbery involving multiple defendants. For all these reasons, an exclusion under 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(iii), and (iv) is appropriate here.

6) The parties stipulate and agree that the 60-day time period from the date of this stipulation shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iii), and (iv).

****

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: January 13, 2023

CARLA B. FREEDMAN
United States Attorney

By: *Alexander Wentworth-Ping*

Alexander P. Wentworth-Ping
Assistant United States Attorney
Bar Roll No. 701897

*Lauren Ownes*

Lauren S. Ownes, Esq.
Attorney for MICHAEL J. BROWN, JR.
Bar Roll No. 517391

5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:22-mj-00789-CFH |
| | ) | |
| **v.** | ) | Stipulation and Order |
| | ) | for Enlargement of Time |
| **MICHAEL J. BROWN, JR.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## **ORDER**

A. The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order;

B. The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because: (1) defense counsel needs additional time to review the discovery related to this case and made available by the United States and failure to grant a continuance in this case would deny the defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv); and (2) the facts of the case are so unusual or complex, due to the nature of the prosecution and the existence of novel questions of law and fact related to a conspiracy to commit bank robbery involving evidence collected in at least two different states, that it is unreasonable to expect adequate preparation for the return and filing of an indictment

1

within the period specified in section 3161(b), taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iii).

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including 60 days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this _____ day of January, 2023.

                                              Hon. Christian F. Hummel
                                              U.S. Magistrate Judge